UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:  20-1270

MARY GREENE,

      Plaintiff,

vs.

MAGICAL CRUISE COMPANY LIMITED,

      Defendant.

_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Mary Greene, on behalf of herself, brings this action against Magical Cruise Company, Limited (referred to as "Defendant") :

## INTRODUCTION

1.    For more than 25 years, the Americans with Disabilities Act ("ADA") has required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by public accomodations

2.    Defendant operates cruise ships which qualify under several categories of statutorily defined public accommodations including places of lodging, establishments serving food or drink, places of exhibition or entertainment, and places of exercise or recreation. Cruise ships, which typically contain guest cabins, restaurants, snack bars, movie theaters, lounges, health clubs, and pool areas, function as one or more of these types of places of public accommodation.

1

3.      Defendant owns and/or operates the Disney Cruise Line, and, as part of those operations, provides guest rooms and accommodations for passengers who travel aboard their cruise ships.

4.      As a part of providing those guest rooms, Defendant must provide guest rooms that are equally accessible to persons with disabilities when these rooms are available.

5.      Plaintiff seeks declaratory and injunctive relief establishing that Defendant has engaged in violations of the ADA, and requiring Defendant to comply with the ADA by providing individuals with disabilities accessible rooms and accommodations upon request when these rooms are available. Plaintiff also seeks damages under the Unruh Act and the Rehab Act for Defendant's failure to provide accessible accommodations during 2019 when she was a passenger.

## JURISDICTION AND VENUE

6.      The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

7.      Personal jurisdiction exists for Defendant because they operate their business in this jurisdiction and have required any suit to be filed in this jurisdiction.

8.      Venue in the Middle District of Florida is proper under 28 U.S.C. § 1391(b)(2) and rule 1.02 Local Rules of the United States District for the Middle District of Florida pursuant to the contact between the parties.

## PARTIES

9.      Plaintiff Mary Greene, at all times relevant hereto, is and was a resident of Sacramento, CA.

2

10.    Plaintiff has a mobility disability and is limited in the major life activities of walking, standing and bending, which has caused her to be dependent upon mobility devices and aids for mobility including wheelchairs.

11.    As Plaintiff requires an accessible guest room and accommodations in order to fully and equally utilize services offered by cruise ships, she has a personal interest in ensuring that cruise ships comply with federal requirements governing the provision of accessible reservations services.

12.    Plaintiff is a consumer who wishes to obtain equal access Defendant's goods and services.  Plaintiff regularly books cruises on Defendant's ships and needs an accessible room when doing so.

13.    Defendant, a limited liability company located in Celebration, Florida and is organized under the laws of Florida with its principal place of business in Florida. Defendant engages in business with residents of the fifty states, including California to sell its cruise tickets.

**FACTUAL ALLEGATIONS**

14.    Defendant owns and operates the cruise ship which embarked from Vancouver and sailed to Alaska, U.S.

15.    As part of the operations, Defendant provides its customers reservations for stays on its ships.

16.    Within the applicable limitations period, Plaintiff booked a guest room from her home in Sacramento, California.

17.    On July 18, 2019, Plaintiff requested an accessible room due to her mobility based disability and reliance on her mobility device.

18.    Plaintiff called back on July 19, 2020 to learn that Defendant's agent decided she did not need the accessible room and had therefore failed to place any designation on her reservation indicating she needed an accessible room; unfortunately, the one remaining accessible room in the non-concierge tier had been sold within the 24 hours between the two calls.

19.    Plaintiff requested an accessible room again be placed on her reservation (there were accessible rooms available in the upgraded reservation levels for which Plaintiff could be placed at the time of embarkment).

20.    On July 26, 2020, Plaintiff filled out a specific form again confirming her request for an accessible room.

21.    On August 15, 2019, Plaintiff was assigned a non-accessible stateroom even though there were four accessible suites available in the upgraded levels for which her reservation was authorized to be placed.

22.    When Plaintiff boarded the ship September 9, 2019, there were still four accessible concierge suites available.

23.    Despite Plaintiff reiterating her request for an accessible room on that date, Defendant refused to provide her with the same and proceeded to sell the accessible rooms to persons without disabilities.

24.    The experience was humiliating, painful and frustrating for Plaintiff who could not shower in her guestroom bathroom due to the accessibility issues.

4

25.     Defendants' failure to modify its policies, practices and procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms is discriminatory and violates ADA Accessibility Standards.

26.     Plaintiff is a consumer who wishes to access Defendant's goods and services on Defendant's ships.

27.     Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to provide accessible reservations to persons with disabilities.

**CAUSE OF ACTION**
**Violations of 42 U.S.C. §§ 12181, et seq.**

28.     Plaintiff incorporates by reference the allegations stated in paragraphs "1" through "27" of this complaint as if fully stated herein.

29.     Plaintiff is an individual with a disability under the ADA. 42 U.S.C. § 12102(1)(A).

30.     Defendant's hospitality business is public accommodation under the ADA. 42 U.S.C. § 12181(7).

31.     Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

32.     Defendants have engaged in illegal disability discrimination by, without limitation, failing to ensure that accessible rooms are reserved for individuals with

disabilities, including individuals who use wheelchairs or other mobility aids, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible reservations.

33.     Moreover, by failing to provide accessible reservations services, Defendants have engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

   a) denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available at Defendant's ships;

   b) affording individuals with mobility disabilities unequal access to goods, services or facilities;

   c) utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common administrative control;

   d) failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

34.     Defendants' ongoing and continuing violations of Title III have caused, and in the absence to an injunction, will continue to cause harm to the Plaintiff.

35.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

<u>**PRAYER FOR RELIEF**</u>

   WHEREFORE, Plaintiff respectfully requests judgement as follows:

6

1.      A Declaratory Judgment that at the commencement of this action Defendants were in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants failed to take action reasonably calculated to ensure that Defendant's accessible rooms were made available to individuals with mobility disabilities;

2.      A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) et seq. which directs Defendants to take all steps necessary to bring its reservations services and public accommodation into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that those accessible rooms are made available to individuals with disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendants have adopted and is following an institutional policy that will in fact cause Defendants to remain fully in compliance with the law;

3.      Payment of costs and reasonable attorneys' fees as provided for by law; and

4.      Such other additional or alternative relief as the Court finds just and proper.

Dated this 17th day of July, 2020.

Respectfully submitted,
**The Advocacy Group**
*Attorney for Plaintiff*
200 S.E. 6th St., Ste. 504, Fort Laud., FL 33301
Telephone: (954) 282-1858
Service Email: service@advocacypa.com
By */s/ Jessica L. Kerr*
Jessica L. Kerr, Esq.
Fla. Bar No. 92810

7