UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 20-CV-01270

MARY GREENE, individually,

    Plaintiff,

vs.

MAGICAL CRUISE COMPANY,
LIMITED, a Foreign Profit Corporation,
doing business as Disney Cruise Line

    Defendant.
_____/

**AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF, AND DAMAGES**

Plaintiff, Mary Greene, on behalf of herself brings this action against Magical Cruise Company, Limited ("Defendant"):

**INTRODUCTION**

1. Plaintiff Mary Greene (hereinafter "Plaintiff") is physically disabled and depends upon a wheelchair for mobility. Because of her disability, Ms. Greene requires accessible rooms and facilities when she travels.

2. Defendant Magical Cruise Company, Limited operates the Disney Cruise Line (the "Disney Cruise" or "Defendant"), which is a cruise line operation that is a subsidiary of The Walt Disney Company.

3. While in Sacramento, California, Plaintiff Ms. Greene booked a cruise with Defendant and requested an accessible stateroom that was confirmed to be available.

Defendant's employee refused to believe that Ms. Greene is disabled, noted in a reservation file that Ms. Greene did not need an accessible room, and would not hold the room for Ms. Greene. When Ms. Greene reached another employee the next day, who did believe she was disabled, the accessible stateroom had already been sold. Plaintiff was instead provided a "guarantee" room, verandah category or higher and a request for an accessible room was entered into Defendant's reservation system. Thereafter, Plaintiff also separately filled out a separate online form for an accessible stateroom. When Plaintiff boarded the cruise, despite there still being four accessible concierge suites available, Defendant's employees refused in person to provide Plaintiff an accessible room and sold the remaining accessible to other people who were not disabled. Plaintiff was assigned a non-disabled room that did not accommodate her accessibility needs, caused her emotional distress, difficulty, embarrassment, and humiliation.

4. Such conduct constitutes unlawful discrimination in violation of Plaintiffs' rights under violation of Title III of the ADA, 42 U.S.C. § 12182, and its implementing regulation, 28 C.F.R. Part 36, the Unruh Civil Rights Act ("UCRA"), and constitutes negligence on behalf of Defendant and its employees.

5. For more than 28 years, the ADA and the UCRA have required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

6. However, the hospitality industry has been slow to respond, or has failed to respond, to the needs of disabled travelers. *See e.g.* Consent Decree in *United States of America v. Hilton Worldwide Inc.*, No. 10 1924 (entered November 29, 2010)(Resolving Complaint by the United States alleging in part that Hilton systemically, and across its various brands, "fails to provide individuals with disabilities the same opportunity to reserve accessible guestrooms

using its on-line … reservations systems" and "failed to provide accurate, reliable information about its accessible sleeping rooms and amenities throughout its reservations system" and that "individuals with disabilities are unable to reserve, on-line, accessible sleeping accommodations with either a tub or a roll-in shower"); Settlement Agreement *United States of America and Motel 6 Operating L.P., DJ# 202-73-5*(entered August 12, 2004 and extended January 19, 2006)(Resolving allegations the Motel 6 online reservation system was inadequate and securing in part the agreement of Motel 6 that it would, for its internet reservation systems, "provide service to individuals who request accessible rooms that is equivalent to that provided to individuals who seek to reserve standard rooms.").

7. Eventually, in response to many complaints received by the Department of Justice, Civil Rights Division ("DOJ"), typically by individuals who reserved an accessible hotel room only to discover upon arrival that the room they reserved is not accessible, the DOJ took action, issuing its Notice of Proposed Rulemaking, 73 FR 34508 (June 17, 2008)("NPRM").

8. After a notice and comment period, with input primarily from individuals with disabilities, hotels, resort developers, travel agencies and organizations commenting on their behalf, the DOJ published Section 36.302(e) with detailed requirements for hotel reservations services.  In short, the DOJ required that hotels must make reasonable modifications to reservations policies, practices, or procedures when necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms during *the same hours and in the same manner* as individuals who do not need accessible rooms and that they must identify and describe *accessible features in the hotels and guest rooms* offered through its reservations service *in enough detail* to reasonably permit individuals with disabilities to *assess*

*independently whether a given hotel or guest room* meets *his or her accessibility needs.*  28 CFR § 36.302(e)(1)(i)-(ii)(*emphasis added*).

9. The Final Rule on Nondiscrimination on the Basis of Disability by Public Accommodations, including the hotel reservations requirements above, was published on September 15, 2010 in the Federal Register.  While the Final Rule generally took immediate effect, the hotel reservations component did not.  The DOJ observed: "As with hotels, the Department believes that within the 18-month transition period these reservations services should be able to modify their systems to ensure that potential guests with disabilities who need accessible rooms can make reservations during the same hours and in the same manner as those who do not need accessible rooms."  Accordingly, to accommodate the needs of industry, the hotel reservations requirements of 28 CFR § 36.302(e)(1) did not become effective until after an 18-month transition period, or until March 15, 2012. 28 CFR § 36.302(e)(3).

10. The ADA's hotel reservations requirements were six years old on March 15, 2018.  Yet, the problem the DOJ sought to address through its reservations regulations is as bad as ever.  So bad, that in 2017 the private start-up company AbiliTrek launched.  AbiliTrek describes its mission as follows:

> "AbiliTrek, like many other companies, began as an innovative idea; AbiliTrek is geared toward bettering the travel experience for people with disabilities. **Currently, the travel industry lacks the information needed for travelers with disabilities. This makes traveling a daunting and exhausting task for many in the disability community**. AbiliTrek was created as a fundamental resource for any traveler with a disability. **AbiliTrek's goal is to counteract the current state of the travel industry** and make traveling with a disability a fulfilling experience" AbiliTrek Updates posted December 31, 2017. https://abilitrek.com/wrapping-up-2017-our-end-of-year-review-package/.  (Emphasis added).

11. Defendant is part of the problem addressed by the hotel reservations provisions of the ADA and private firms like AbiliTrek.

12. As a result of Defendants' violations of law, and to correct them, Plaintiffs seek statutory damages where available, and injunctive and declaratory relief to redress Defendants' violations of the ADA and California law.

## JURISDICTION AND VENUE

13. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332.

14. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims, they form part of the same case or controversy under Article III of the United States Constitution

15. This Court has personal jurisdiction over Defendant because it is deemed a resident of the State of Florida and it conducts and continues to conduct a substantial and significant amount of business in the State of Florida

16. Venue in the Middle District of Florida is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District and this Court has personal jurisdiction over Defendant. Further, the Disney Cruise Line Cruise Contract between Plaintiff and Defendant mandates that disputes be litigated in the United States District Court, Middle District of Florida, Orlando Division.

## PARTIES

17. Plaintiff Mary Greene, at all times relevant hereto, is and was a resident of Sacramento, California. Ms. Greene has a mobility disability and is limited in major life activities that include, but are not limited to, walking, standing, and ambulating, causing her to

be dependent upon a wheelchair for mobility. Ms. Greene is disabled within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq., and applicable California law, including California Government Code section 12926. Because of her disability, she requires accessible hotel rooms when she travels

18. Plaintiff is both a tester in this litigation and a consumer who wishes to obtain full, equal and independent access to Defendant's goods and services.

19. Defendant Magical Cruise Company, Limited, a Foreign Profit Corporation, is organized under the laws of Florida, is registered and resides in Florida, with its principal place of business in London, United Kingdom.

20. Defendant owns and operates a cruise line and hotel, which is a place of lodging and a place of public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

21. Defendant has been and is committing the acts or omissions alleged herein in Sacramento County of the State of California which caused injury, and violated rights prescribed by the ADA and UCRA. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in California. Specifically, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's reservation system in Sacramento County.

**FACTUAL ALLEGATIONS**

22. On July 18, 2019, while in Sacramento, California, through her travel agent, Plaintiff Ms. Greene booked a cruise with Defendant.

23. While booking the cruise, Ms. Greene requested an accessible stateroom. Defendant's employee "cast member" confirmed that there was one accessible stateroom still available for the booked cruise. However, when requested, Defendant's employee refused to believe that Ms. Greene is disabled and noted in a reservation file that Ms. Greene did not need an accessible room. On July 18, 2019, Defendant's employee refused to hold the accessible stateroom for Ms. Greene.

24. On July 19, 2020, Ms. Greene called back and connected with a different employee of Defendant named "Brent" and explained that she had trouble convincing the employee yesterday that she actually was disabled and needed an accessible room. Brent acknowledged that Ms. Greene's reservation file included a note from the previous employee that Ms. Greene did not need an accessible room, and changed the note to request the accessible stateroom. By then, the last accessible stateroom had already been sold.

25. Brent instead provided a GTY category reservation, which is a "guarantee" room, verandah category or *higher*, and included a request for an accessible room to be entered into Defendant's reservation system.

26. On July 26, 2019, Plaintiff also separately filled out a separate online form on Defendant's website for an accessible stateroom.

27. On or about August 15, 2019, Ms. Greene learned that she had been assigned stateroom 6600, non-accessible, even though there were four accessible suites available in concierge. Ms. Greene was not provided an accessible room of verandah quality or higher as guaranteed by the GTY category.

28. On September 9, 2019, Ms. Greene boarded the cruise and again requested an accessible room because there were still four accessible concierge suites available, a category

she would be entitled to based on the GIY category guarantee. Defendant's employees refused in person to provide Ms. Greene any of the remaining accessible rooms without Plaintiff paying an additional $5,500 because those accessible rooms were of the concierge class. Ms. Greene could not afford to pay an additional fee at the time of boarding, and Defendant then sold the remaining four accessible rooms to other people who were not disabled.

29. Ms. Greene was assigned a non-disabled room that did not accommodate her accessibility needs. Ms. Greene had to shower in the gym every day at the cruise, she could not fit into the shower with a bench to maneuver in the shower. Each time she went to her stateroom, Ms. Greene was required to disassemble her wheelchair, get help to haul it to the bed in the stateroom and then reassemble her wheelchair. When she exited the stateroom, Ms. Greene was required to disassemble her wheelchair again and reassemble it in the hallway, often blocking people who tried to get by.

30. As a result of Defendant's discrimination, Plaintiff suffered difficulty, embarrassment, humiliation, frequent risk of falling and injury, and emotional distress.

31. Defendant's failure to provide Ms. Greene with the specific accessible room that she reserved through Defendant's reservations service resulted in the denial to Ms. Greene of the goods, services, facilities, advantages, and accommodations available at the cruise because of her disability. The incident caused Ms. Greene to feel upset, fearful, frustrated, and humiliated.

32. Defendant's failure to have in place policies and procedures allowing an individual with a disability to reserve an accessible room results in the provision of goods and services to individuals with disabilities that are separate from, unequal to, or different than those goods and services offered to individuals who do not have disabilities.

33. Upon information and belief, Ms. Greene also alleges Defendant currently has no policies and procedures to ensure that:

   a. Accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

   b. Accessible guest rooms or specific types of guest rooms may be reserved on request and ensuring that the guest rooms requested are blocked and removed from all reservations systems;

   c. The specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others; and

   d. Defendant provides the statutorily required minimum number of accessible rooms and accessible room types and that the accessible rooms available, if any, are distributed among the types of rooms available at the facility so as to provide equal access by persons with disabilities.

34. Ms. Greene has been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to make reasonable modifications to its reservations policies practices and procedures applicable to its reservations service offered so as to allow individuals with disabilities the ability to make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*.**

35. Ms. Greene re-alleges and incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. Title III requires that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns … or operates a place of public accommodation." 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

37. Discrimination includes denying the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations available at a place of public accommodation to an individual with a disability or to any other individual because of that individual's known association with an individual with a disability. 42 U.S.C. §§ 12182(a) and 12182(b)(1)(E); 28 C.F.R. §§ 36.202 and 36.205.

38. Discrimination also includes offering goods or services to individuals with disabilities that are separate from, unequal to, and different than those offered to individuals who do not have disabilities. 42 U.S.C. § 12182(b)(1)(A)(iii); 28 C.F.R. § 36.202.

39. Discrimination also includes a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

40. Defendant's failure to provide Ms. Greene with an accessible room that she reserved through Defendant's reservations service resulted in the denial to Ms. Greene of the goods, services, facilities, advantages, and accommodations available at Defendant's cruise because of her disability.

41. In July 2019 when Ms. Greene attempted to book an accessible stateroom, she was denied from reserving an accessible room because Defendant's employees refused to

believe she was disabled, Defendant failed to honor the guarantee of an accessible room, and refused to accommodate Ms. Greene's requests in person when she explained Defendant's shortcomings and her accessibility needs. Defendant's failure to have in place policies and procedures allowing an individual with a disability to reserve an accessible room using the same reservations systems as nondisabled persons results in the provision of goods and services to individuals with disabilities that are separate from, unequal to, or different than those goods and services offered to individuals who do not have disabilities.

42. Defendant is in violation of 28 C.F.R. § 36.302(e) in that it currently has no policies and procedures to ensure that:

   e. Accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

   f. Accessible guest rooms or specific types of guest rooms may be reserved on request and ensuring that the guest rooms requested are blocked and removed from all reservations systems;

   g. The specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others; and

   h. Defendant provides the statutorily required minimum number of accessible rooms and accessible room types and that the accessible rooms available, if any, are distributed among the types of rooms available at the facility so as to provide equal access by persons with disabilities.

43. A public accommodation must maintain in operable working condition those

features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

44. At all relevant times, Ms. Greene has been an individual with a disability within the meaning of the ADA.

45. Defendant's discrimination, conduct, and inaction, caused Plaintiff to feel upset, fearful, frustrated, and humiliated.

46. Defendant owns and operates the cruise line and hotel, which is a "public accommodation" within the meaning of the ADA, 42 U.S.C. § 12181(7)(A), and 28 C.F.R. §36.104.

47. By virtue of their acts and omissions alleged herein, Defendant has violated Title III of the ADA.

48. Pursuant to 42 U.S.C. § 12188(a), Ms. Greene is entitled to declaratory and injunctive relief, and to recover reasonable attorneys' fees and costs incurred in bringing this action.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* (Injunctive Relief and Damages on Behalf of Plaintiffs)**

49. Ms. Greene re-alleges and incorporates by reference paragraphs 1 through 34, 40, 41, 44 and 45 alleged above as though fully set forth herein.

50. California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

51. The UCRA guarantees, inter alia, that persons with disabilities are entitled to

full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

52. Defendant provides lodging to the general public and is a business establishment within the meaning of the UCRA, and as such is obligated to comply with the provisions of the UCRA, California Civil Code §§ 51, et seq.

53. The UCRA provides, inter alia, that a violation of the ADA, 42 U.S.C. §§ 12101, et seq., also constitutes a violation of the UCRA. Cal. Civ. Code § 51(f).

54. Defendant's discriminatory conduct alleged herein includes, inter alia, the violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore also violates the UCRA, Cal. Civ. Code § 51(f).

55. The actions of Defendant were and are in violation of the UCRA, California Civil Code §§ 51, et seq. Ms. Greene is aware of Defendant's unlawful actions, and this knowledge of discrimination has deterred her from attempting to access and use Defendant's reservations services on several occasions, and denied and deterred Ms. Greene from full and equal access to Defendant's cruise line and its facilities. Therefore, Ms. Greene is entitled to injunctive relief remedying the discrimination pursuant to California Civil Code § 52. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Ms. Greene will continue to suffer irreparable harm.

56. Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the UCRA, in that: Defendants offer cruises and accessible rooms to the public but refused to believe Ms. Greene is disabled, refused to honor its guarantees of an accessible room, and failed to take actions to correct these barriers even

though they were aware of the discrimination that such barriers cause, and Ms. Greene was humiliated and embarrassed because of Defendant's discrimination of her physical disability.

57. Ms. Greene is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the UCRA. Cal. Civ. Code § 52(a), and so Plaintiffs requests relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests for judgment against Defendant as follows:

A. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant failed to take action reasonably calculated to ensure that Defendant's reservations services were fully accessible;

B. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.302(e)(1) et seq. which directs Defendant to take all steps necessary to bring its reservations services, and policies and procedures into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that those reservations services are fully accessible to, and independently usable by, individuals with disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

C. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA 42 U.S.C. § 12181 *et seq.*, and the relevant implementing regulations of the ADA, for Defendant's failure to take action

that was reasonably calculated to ensure that its website is fully accessible to, and independently usable by, blind and visually-impaired individuals;

D. An award of statutory minimum damages of $4,000 for each violation of the UCRA pursuant to § 52(a) of the California Civil Code;

E. For attorneys' fees and costs pursuant to all applicable laws including, without limitation, 42 U.S.C. § 12188, California Civil Code § 52, California Civil Code § 54.3;

F. For compensatory damages including, but not limited to, mental anguish, loss of dignity, and any other intangible injuries suffered by the Plaintiff as a result of Defendant's discrimination;

G. For pre-judgment interest to the extent permitted by law;

H. For costs of suit; and

I. For such other and further relief as this Honorable Court deems just and proper.

Dated this 26th day of August, 2020.

Respectfully submitted,

**The Advocacy Group**
*Attorney for Plaintiff*
200 S.E. 6th St., Ste. 504
Fort Lauderdale, FL 33301
Telephone: (954) 282-1858
Service Email: service@advocacypa.com
By */s/ Jessica L. Kerr*
Jessica L. Kerr, Esq.
Fla. Bar No. 92810

/s/ Joseph R. Manning, Jr.
Joseph R. Manning, Esq.
California Bar No.223381
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Phone: 949-200-8755
Fax: 866-843-8308
adapracticegroup@manninglawoffice.com
*Pro hac vice to be filed*