UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:20-CV-01270-RBD-GJK

MARY GREENE,

     Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED,
a foreign profit corporation, d/b/a
DISNEY CRUISE LINE,

     Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S [SECOND] AMENDED COMPLAINT [DE 16][1]

Defendant, MAGICAL CRUISE COMPANY, LIMITED, d/b/a DISNEY CRUISE LINE. ("DCL"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the general maritime law of the United States, and DE 15, moves to dismiss the [Second] Amended Complaint [DE 16], and as grounds states as follows:

### Introduction

This is an action by a cruise ship passenger against a cruise line, governed solely by the general maritime law of the United States, to the exclusion of conflicting California state law. The [Second] Amended Complaint [DE 16]

---

[1] DE 16, although titled "Amended Complaint" is Plaintiff's Second Amended Complaint, filed August 26, 2020. Plaintiff filed an Amended Complaint [DE 7] on August 4, 2020 and the Court dismissed it *sua sponte* on August 24, 2020 [DE 15] as "an impermissible shotgun pleading." For consistency, DCL refers to the Amended Complaint [DE 16] in this motion seeking dismissal. As DE 16 appears to be substantially the same shotgun pleading the Court dismissed, DCL also respectfully requests dismissal with prejudice for the reasons in the Court's prior Order [DE 15].

(hereinafter "Amended Complaint") should be dismissed, because (a) Plaintiff lacks standing to bring an ADA claim; (b) her claims would improperly require this Court to exercise its supplemental jurisdiction; and (c) the Unruh Act impermissibly conflicts with U.S. general maritime law. Accordingly, DCL respectfully requests this Court dismiss the Amended Complaint.

Plaintiff Mary Greene alleges she is disabled and that DCL discriminated against her by not providing her with an accessible room for her cruise beginning on September 9, 2019.[2] *See* D.E. 7, ¶¶1, 28. She claims that DCL's employee did not "believe" she was disabled, and therefore did not reserve an accessible cabin for her as she requested. *See id.* at ¶¶23-24. Plaintiff seeks 1) a declaratory judgment that DCL was in violation of Title III of the ADA because it failed to ensure its reservations services were fully accessible; 2) a permanent injunction directing DCL to "bring its reservations services, and policies and procedures into full compliance with the requirements set forth in the ADA"; 3) statutory damages under the UCRA; 4) compensatory damages for "mental anguish, loss of dignity, and intangible injuries," and 5) attorney's fees and costs.[3]

The Amended Complaint should be dismissed because:

---

[2] The Amended Complaint does not specify the name of the ship, however DCL represents the subject cruise was on the *M/V Disney Wonder*.

[3] Plaintiff also seeks a declaratory judgment that DCL was in violation of Title III of the ADA because it did not ensure its website was accessible to, and usable by, blind and visually impaired individuals. As there is no allegation Plaintiff is blind or visually impaired, this prayer for relief appears to be in error. Even if it is not, however, the request for relief does not impact this motion or the reasons why dismissal is appropriate.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

1. **Plaintiff lacks standing to assert a claim under the ADA;**

2. **The ADA does not provide private plaintiffs a remedy for damages;**

3. **This Court should not exercise supplemental jurisdiction over Plaintiff's UCRA claim as it would permit her to bypass California's procedural safeguards to minimize frivolous lawsuits brought under the Act; and**

4. **Plaintiff's UCRA claim is inconsistent with federal maritime law, in that it provides for exemplary damages, which are not available in a maritime case.**

For the reasons herein, DCL respectfully requests the Court dismiss Plaintiff's Amended Complaint with prejudice.

## Memorandum of Law

**I. This Court lacks jurisdiction because Plaintiff does not have standing to bring a claim under the ADA.**

### A. Standard of review for motion to dismiss under Fed. R. Civ. P. 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter jurisdiction. *See Jones v. Waffle House, Inc.*, 2016 U.S. Dist. LEXIS 76507, *10 (M.D. Fla. 2016) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).") (citing *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008)).

Attacks on subject matter jurisdiction pursuant Rule 12(b)(1) may be "facial" and challenge the sufficiency of a Plaintiff's allegations, or "factual" and challenge jurisdiction based on matters outside the pleadings. *Jones* at *10. "On a facial

attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion -- the court must consider the allegations of the complaint to be true." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Here, Plaintiff's allegations are facially insufficient to establish her standing to bring this suit under Title III of the ADA.

### B. Plaintiff lacks standing to bring a claim under the ADA because she has alleged no future harm.

To establish standing to bring a discrimination claim under the ADA, a plaintiff must show "(1) injury-in-fact; (2) a causal connection between the asserted injury-in-fact and the challenged action of the defendant; and (3) that the injury will be redressed by a favorable decision." *Seco v. NCL (Bah.), Ltd.*, 588 Fed. Appx. 863, 865 (11th Cir. 2014) (citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). "These requirements are the 'irreducible minimum required by the Constitution' for a plaintiff to proceed in federal court." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001).

Additionally, where, as here, injunctive relief is sought, the plaintiff must show "a sufficient likelihood that [s]he will be affected by the allegedly unlawful conduct in the future." *Hollowell v. NCL (Bah.) Ltd.*, 2019 U.S. Dist. LEXIS 788 *5 (S.D. Fla. 2019) (citing *Seco* at 865). The likelihood of such future injury must be "real and immediate." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) ("Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

immediate -- as opposed to a merely conjectural or hypothetical -- threat of *future injury*.") (emphasis in original); *see also Shotz* at 1081 (same).

Here, the Amended Complaint is facially deficient because Plaintiff alleges no facts whatsoever establishing that she is at any immediate risk of future harm. Rather, she has only alleged a single incident that occurred in the past, which is insufficient to support standing to assert a claim for injunctive relief. *See L.A. v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) (noting that "[past] exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present adverse effects.") (citing *O'Shea* v. *Littleton*, 414 U.S. 488 (1974)); *Schotz* at 1082 ("Injury in the past, however, does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment.") (citing *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1348 (11th Cir. 1999)).

### C. Plaintiff has pleaded nothing more than an isolated incident.

It is likewise insufficient to plead a single, isolated incident to demonstrate a discriminatory policy or practice that is capable of remediation through injunctive relief. In *Moranos v. Royal Caribbean Cruises, Ltd.* the plaintiff cruise ship passenger alleged she was disabled and confined to a wheelchair, and that she was injured in a past accident because the defendant did not provide assistance for her to disembark. *See* 565 F. Supp. 2d 1337, 1338 (S.D. Fla. 2008). Specifically she complained that the defendant cruise line had a "practice…of not providing a crew member to assist the wheelchair bound [plaintiff] in disembarking from the vessel."

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

*Id.* at 1339. The court dismissed the claim, finding that there were no facts alleged that the defendant had "a policy or pervasive practice of not helping wheelchair bound customers to embark and disembark." *Id.* The court also found it "questionable" that an injunction "would redress an injury which appears to be an isolated incident." *Id.*

Here, Plaintiff alleges no facts to support her claim that she was and "will continue to be injured by Defendant's policy and practice of failing to make reasonable modifications to its reservations policies practices and procedures…" *See* D.E. 7, ¶34. She alleges a single instance of allegedly discriminatory conduct occurring in the past. While DCL does not agree that the conduct described in the Amended Complaint amounts to discriminatory conduct, even if true, plaintiff has alleged nothing more than a "discrete discriminatory act[] based on individualized actions or decisions of defendant's employees," which do not constitute a pattern or practice of discrimination. *Loving v. Princess Cruise Lines, Ltd.*, 2009 U.S. Dist. LEXIS 130477, *17-18 (C.D. Cal. 2009).

Plaintiff has similarly failed to plead any facts establishing that she is under an immediate threat of harm. That failure alone is sufficient to find that she lacks standing to assert a claim under the ADA. However, Plaintiff also fails to allege any facts which, if proven, would establish that DCL has any pattern or practice of discrimination. She alleges only a single instance of past conduct, which is insufficient as a matter of law to support declaratory or injunctive relief. Accordingly, Count I of the Amended Complaint should be dismissed.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

**II. The ADA does not afford individual plaintiffs recovery in damages.**

Plaintiff also purports to seek a declaratory judgment that DCL was in violation of the ADA and "compensatory damages including, but not limited to, mental anguish, loss of dignity, and any other intangible injuries…" *See* D.E. 7, p. 15, ¶F. The sole remedy available to an individual plaintiff under the ADA is injunctive relief. *Seiger v. M&M Fin. Investors Int'l, Inc.*, 2017 U.S. Dist. LEXIS 145592, *8 (M.D. Fla. 2017) ("The sole remedy under Title III for individuals with disabilities who have been discriminated against by a violation of that title is injunctive relief.").[4]

The ADA does not provide a right of action for damages by an individual plaintiff for "mental anguish" or "loss of dignity." *See Dimattina v. Westgate Resorts, Ltd.*, 2018 U.S. Dist. LEXIS 12138, *2 (M.D. Fla. 2018) (finding that the ADA is not "designed" to protect the disabled from physical or emotional injury, and that "a disabled person's emotional or psychological response to a lack of access is neither actionable nor remediable under the ADA."); *Moranos v. Royal Caribbean Cruises, Ltd.*, 565 F. Supp. 2d 1337, 1339 (S.D. Fla 2008) (dismissing ADA claim where plaintiff "concede(d)that the ADA does not provide a private right of action for damages."). Accordingly, to the extent Plaintiff seeks compensatory damages, the Amended Complaint should be dismissed with prejudice.

**III. There are numerous grounds for this court to decline supplemental jurisdiction over plaintiff's UCRA claims.**

---

[4] The UCRA does permit money damages; however, that claim also fails as discussed *infra*.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Count II of the Amended Complaint asserts a claim for declaratory and injunctive relief and statutory damages under California's Unruh Civil Rights Act ("UCRA"). Plaintiff alleges that this Court has supplemental jurisdiction over her California state law claim because it is "so related to Plaintiff's federal ADA claims, they form part of the same case or controversy under Article III of the United States Constitution." *See* D.E. 7, ¶14.

There are four enumerated circumstances in which a Court may decline to exercise supplemental jurisdiction over a state law claim:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or,
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 USCS § 1367(c).

Here, the court should decline to exercise jurisdiction over Plaintiff's in the first instance because Plaintiff's ADA claim is subject to dismissal. *See Larsen v. Carnival Corp.*, 2003 AMC 1337, 1353 (S.D. Fla. 2003). Additionally, the Court should decline supplemental jurisdiction over Plaintiff's UCRA claim because even if her ADA claim was viable, her UCRA claims predominate over the ADA claim, and there are compelling reasons to decline jurisdiction. *See Cota v. Tory Burch, LLC*, 2020 U.S. LEXIS 138705 (S.D. Cal. August 4, 2020); *Grutman v. Regents of the*

*Univ. of Cal.*, 807 F. Supp. 2d 861, 869-870 (N.D. Cal. 2011); *Oliver v. Longs Drug Stores Cal., Inc.*, 2008 U.S. Dist. LEXIS 14341, *6-7 (S.D. Cal. 2008).

Courts have found that UCRA claims predominate over ADA claims because the UCRA permits damages while the ADA does not. In *Cota* the court found that while the same injunctive relief is available under both the ADA and the UCRA, the UCRA also allows statutory damages. *Cota* at *3. Accordingly, the court determined that "the state claim and the issues related thereto substantially predominate over the ADA claim, which appears to be a secondary claim included to justify filing the complaint in this Court, rather than a necessary (let alone predominant) claim in this lawsuit." *Id.* at *3; *see also Rutherford v. Ara Lebanese Grill*, 2019 U.S. Dist. LEXIS 36159, *9-10 (S.D. Cal. 2019) ("Due to the existing circumstances, the Court finds that the monetary damages Plaintiff seeks substantially predominate over the injunctive relief available under the ADA.").

Additionally, numerous federal courts in California have declined to exercise supplemental jurisdiction over UCRA claims due to the "important interest in comity." *Cota* at *3. In 2012 California imposed a heighted pleading standard for UCRA claims "in response to the overwhelming increase in construction-related accessibility claims." *Love v. Lee*, 2019 U.S. Dist. LEXIS 229029, *7-8 (C.D. Cal. Dec. 12, 2019); *see also Whitaker v. Dodsworth Bldg.*, LLC, 2020 U.S. Dist. LEXIS 142753, *1-2 (C.D. Cal. Aug. 7, 2020) ("In 2012, California adopted a heightened pleading standard for lawsuits brought under the Unruh Act to combat the influx of claims and vexatious litigation in the disability access litigation sphere.").

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

To address this issue, California's procedural rules require UCRA complaints to be verified, failing which they are subject to a motion to strike. Cal. Civ. Proc. Code §425.50(b)(1)). This procedure is meant to "deter baseless claims and vexatious litigation." *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017). Because California's rules of procedure do not govern in a federal court, federal courts have declined to exercise supplemental jurisdiction over UCRA claims, finding that doing so would improperly "allow (p)laintiff[s] to use federal court as an end-around to California's pleading requirements." *Id*.; *see also Myers v. Cal. Cabinets and Flooring, Inc.*, 2020 U.S. Dist. LEXIS 142830 *2 (C.D. Cal. Aug. 7, 2020) ("In recognition of California's efforts to reduce the abuse of California's disability access laws, district courts within the state have determined that the interests of fairness and comity, counsel against exercising supplemental jurisdiction over construction-access claims brought under the Unruh Act."). Indeed, the filing UCRA claims in federal court has been described as improper "forum shopping." *See Schutza* at 1031.

Accordingly, Plaintiff's UCRA claims should not be heard by this Court because 1) they are state law claims which substantially predominate over her ADA claim; and 2) there is a compelling reason for the Court to decline jurisdiction in light of California's interest in reducing the abuse of its disability access laws.

## IV. General maritime law bars the application of California state law where the two conflict; California's UCRA irreparably conflicts with the general maritime law and thus does not apply.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Finally, Count II should be dismissed pursuant to Fed. R.Civ. P. 12(b)(6) for failure to state a claim, because it conflicts with the general maritime law which governs this suit. It is well-settled that maritime law governs passenger suits against cruise lines. *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989); *Beard v. Norwegian Caribbean Lines,* 900 F.2d 71 (6th Cir. 1990); *Ridley v. NCL (Bahamas) Ltd.,* 2010 U.S. Dist. LEXIS 109025 *6 n.4 (S.D. Fla. 2010) ("[T]here is no doubt that allegations involving negligence aboard a cruise ship…are controlled by admiralty law.")

In further support for the application of general maritime law, Plaintiff's Amended Complaint alleges that venue for her lawsuit is proper in this district pursuant to the Disney Cruise Line Cruise Contract between Plaintiff and Defendant. *See* D.E. 7, ¶16. A passenger ticket contract is a maritime contract and is governed by the general maritime law of the United States. *Lurie v. Norwegian Cruise Lines, Ltd.*, 305 F.Supp.2d 352, 356 (S.D.N.Y. 2004) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 427, 18 L.Ed. 397 (1867); *Wallis ex rel. Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 834 (9th Cir. 2002); *Vavoules v. Kloster Cruise Ltd.*, 822 F.Supp. 979, 982 (E.D.N.Y.1993) (Weinstein, J.) (compiling cases). In *Lurie,* a passenger case against a cruise line, the court held:

> The fact that plaintiffs have invoked the Court's diversity jurisdiction in their complaint does not change the analysis; regardless of the choice of forum or basis of subject matter jurisdiction, disputes relating to maritime contracts and injuries sustained aboard a ship are governed by federal maritime law. See, e.g., *Melnik v.*

> *Cunard Line Ltd.*, 875 F.Supp. 103, 106 (N.D.N.Y.1994);
> *Vavoules*, 822 F.Supp. at 982–83.

*Lurie,* 305 F.Supp.2d at 356.

In the case at bar, Plaintiff has asserted her claims pursuant to a maritime contract, the parties' Cruise Contract, which controls the relationship between Plaintiff and DCL. As such, she cannot dispute that she has invoked the application of the general maritime of the United States, which governs her claims. In turn, the general maritime law forecloses the application of California law as discussed *infra.*

The general maritime law of the United States specifically holds that no state remedy (i.e., the Unruh Civil Rights Act) can be applied which works either material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law. In *Carnival Corp. v. Carlisle,* 953 So.2d 461, 465 (Fla. 2007), Florida's Supreme Court explained,

> Under federal maritime law a state may, in exercising its *in personam* jurisdiction in maritime cases, adopt such remedies as it sees fit so long as it does not make changes in the substantive law. This rule is violated when the state remedy 'works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations.'

953 So. 2d at 465. *See also Offshore Logistics v. Tallentire,* 477 U.S. 207, 222-223 (1980)(explaining state courts are constrained by the "reverse-Erie" doctrine that holds substantive remedies afforded by state courts must conform to the governing maritime standards); *Misener Marine Const., Inc. v. Norfolk Dredging Co.,* 594 F.3d

832, 838-839 (11th Cir. 2010)(observing state law may be applied only to the extent there is no act of Congress that speaks to the issue, the state law does not contravene a characteristic feature of the general maritime law, and the state law does not interfere with the harmony and uniformity of the maritime law); *Rindfleish v. Carnival Cruise Lines, Inc.*, 498 So. 2d 488 (Fla. 3rd DCA 1986)("maritime law is the substantive law to be applied irrespective of where the action is brought.")

The UCRA irreparably conflicts, contradicts, and disturbs the harmony and uniformity of the general maritime law, and as a result, cannot form the basis for a claim in this action. Specifically, contrary to the express provisions of maritime law, UCRA law provides for an automatic right to (1) attorneys' fees, (2) punitive damages, and (3) recovery of a specific, minimum amount of statutory damages per violation. By contrast, the general maritime law provides no such automatic right to attorneys' fees, no punitive damages in the absence of wanton, willful or outrageous conduct in passenger claims, and no self-executing right to damages. As a consequence, general maritime precludes application of the UCRA to this dispute, and mandates dismissal of Count II of Plaintiffs' Amended Complaint.

The principle that each party should bear its own attorneys' fees, referred to as the "American Rule" is "firmly entrenched and consistently adhered to in American federal legal practice." *Misener Marine Const., Inc., v. Norfolk Dredging Co.,* 594 F.3d 832, 840-841 (2010). As explained by the Eleventh Circuit, in addressing the applicability of the Georgia Prompt Pay Act in a maritime dispute:

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

> We hold that the consistent and continued application of the American Rule to maritime disputes has established the American Rule as a characteristic feature of substantive maritime law. Although we recognize the position of those who argue that the American Rule is not a characteristic feature of maritime law, the long developed precedent of this Circuit and others cannot be so easily set aside. Therefore, [Georgia's Prompt Pay Act] entitlement to attorneys' fees is in direct conflict with this principle of substantive maritime law. Thus, the [state statute] cannot be incorporated into substantive maritime law.

*Id.* at *841. For the same reasons, California's UCRA cannot be incorporated into the substantive maritime law as it calls for an entitlement to attorneys' fees.

Likewise, exemplary damages (punitive damages) are available automatically under the UCRA upon proof of a violation, in direct conflict with general maritime law, which requires a showing of outrageous conduct:

> A request for punitive damages must be stricken from the complaint if the allegations therein do not present a factual basis supporting the recovery of punitive damages, in other words, factual allegations showing wanton, willful or outrageous conduct.

*Doe v. Royal Caribbean Cruises, Ltd.,* 2012 WL 4479084 at *2 (S.D. Fla. Sept. 28, 2012) citing *Baker v. Carnival Corp.,* 2006 WL 3519093 (S.D.Fla. Dec. 5, 2006). Unlike the California Civil Code, punitive damages are not automatic under general maritime law and are only available in extraordinary circumstances showing "wanton, willful or outrageous conduct." Thus the Unruh Civil Rights Act, which provides for an award of exemplary damages, in addition to actual damages, upon any violation, disrupts the harmony and uniformity of general maritime law, which permits no such recovery. Accordingly, Count II should be dismissed.

- 14 -

## V. Conclusion

The [Second] Amended Complaint [DE 16] disregards the Court's Order [DE 15] prohibiting an "impermissible shotgun pleading" and is subject to dismissal on that basis.

DE 16 should further be dismissed because:

(1) Plaintiff lacks standing to assert a claim under the ADA;

(2) The ADA does not provide private plaintiffs a remedy for damages;

(3) This Court should not exercise supplemental jurisdiction over Plaintiff's UCRA claim; and

(4) Plaintiff's UCRA claim is inconsistent with federal maritime law in that it provides for exemplary damages, which are not permitted or available in a maritime case.

**WHEREFORE** the Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a DISNEY CRUISE LINE. ("DCL") requests the Court dismiss the [Second] Amended Complaint [DE 16] in its entirety, with prejudice, and award any further relief deemed just and appropriate.

Respectfully submitted,

/s/ Jerry D. Hamilton
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Elizabeth A. Martin, Esq.
Florida Bar No.  195014
emartin@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:   305-379-3686
Facsimile:    305-379-3690
***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 9, 2020, I electronically filed the foregoing document with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Elizabeth A. Martin

## **SERVICE LIST**

Jessica L. Kerr, Esq.
Florida Bar No. 92810
jkerr@advocacypa.com
The Advocacy Group, LLC
200 S.E. 6th Street
Suite 504
Fort Lauderdale, Florida 33301-3424
Telephone: 954-282-1858
Facsimile: 844-786-3694
***Attorney for Plaintiff***

Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Elizabeth A. Martin, Esq.
Florida Bar No. 195014
emartin@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131
Telephone: 305-379-3686
Facsimile: 305-379-3690
***Attorneys for Defendant***